[Civ. No. 7013.   Third Dist.   Dec. 22, 1943.]

ROBERT L. MEGEE, Respondent, v. STAR RENDEZVOUS (Individual's Fictitious Name) et al., Defendants; JOHN FASULIS, Appellant.

Manwell & Manwell for Appellant.

Van Dyke & Harris for Respondent.

THE COURT.—Plaintiff Megee sued defendant Fasulis for damages for personal injuries which he alleged he sustained by reason of defendant's negligence. The jury before which the action was tried returned a verdict in plaintiff's favor. Defendant then moved for judgment notwithstanding the verdict. The trial court granted the motion, set aside the verdict and entered judgment for defendant. Plaintiff appealed and this court reversed said judgment with directions to the trial court to enter judgment in favor of plaintiff in accordance with the verdict of the jury. (*Megee v. Fasulis,* 57 Cal.App.2d 275 [134 P.2d 815].) Judgment for plaintiff was thereafter rendered and defendant appealed therefrom.

Plaintiff has now moved to dismiss defendant's appeal on the ground that the record before this court is the same

record brought up on the former appeal, that all matters upon which defendant might rely for reversal were determined on that appeal, that the previous decision of this court is now the law of the case, that if defendant now contends that the evidence is insufficient to support the judgment his appeal is frivolous, and that as he did not, when he made his motion for judgment notwithstanding the verdict, reserve the right to apply for a new trial, he had no right to move for a new trial after entry of judgment against him.

Defendant filed no memorandum of authorities in opposition to this motion to dismiss, but in his argument on the motion he contended that not all matters which he has a right to urge upon appeal from the judgment subsequently entered in the case were necessarily determined on the appeal from the judgment notwithstanding the verdict; that the former appeal was by plaintiff in the action, while this appeal is by defendant therein, and that even though the question of the sufficiency of the evidence may have been determined conclusively against him on the former appeal he has a right, on this appeal, to raise any other questions such as errors in rulings of the trial court on admissibility of evidence, the propriety of instructions given or refused, etc., etc.

There seems to be merit in this contention. While defendant may not on this appeal raise and reargue matters determined upon the former appeal, we cannot say that all matters upon which defendant may be relying for reversal were passed upon when the case was previously before us, or that there are no errors in the record which defendant has a right to urge as grounds for overthrowing the judgment against him.

The motion to dismiss the appeal is denied.